MORROW, Presiding Judge.
 

 The offense is the possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.
 

 Patterson testified that he saw the appellant sitting down in the woods. The witness said:
 

 “I don’t know that I saw him do anything. He was making whiskey, I reckon. As to how I came to go there, I will state that he gave me an invitation; he told me to go where he was, that he was 'going to pull off a run’. * *' * I will state that my best recollection is there was something near a half of a syrup bucket full. * * I did not take a drink of it. As to how much mash he had there, I will state that there was just a small quantity of beer in the barrel. * * * The outfit was just a copper worm, * * * some sort of oil tank — a gasoline or oil barrel. * * * I did not taste of that stuff. I don’t know whether that stuff was intoxicating or not. I just saw something in a bucket that was white. I don’t know what it was. I didn’t have anything to do with it.”
 

 According to the testimony of the witness Wheeler, appellant was sitting down and had an oil tank and pipe with a fire under it; that he was just boiling off some ‘junk’ there. The witness drank some of it but could not tell what it was; that it tasted like slop. It had no effect upon him. There was a syrup can about half full, or maybe not quite that much, of a liquid which had the color of water. The outfit consisted of a coal-oil can, pipe, barrel and things. There was also a big gas drum. The witness thought it was a straight pipe which the appellant had; that he did not see anything else in connection with it. The stuff was not intoxicating. The witness did not know whether the apparatus would produce intoxicating' liquor.
 

 According to the testimony of another witness, he could not tell what was coming out of the can; that it tasted like “shinney”; that he drank a spoonful and it had no effect on him. It had the color of water, and about a half can full had been made. The witness said that the still consisted of an oil can — a 50-gallon gas barrel, and a crooked pipe running to a barrel of water; “it set down in a barrel of water.” The stuff came out of the bottom of the tank, that is, the bottom of the oil can. The witness also saw a wooden barrel with a little beer in it. He took about a spoonful but it did not affect him. He could not say whether the apparatus would produce intoxicating liquor. The" stuff did not taste like the. old-fashioned whiskey. The witness had never seen any “shinny” before. The apparatus consisted of a tank, pipe and barrel, and there was some beer in the barrel. It was not connected with the other. The wit
 
 *535
 
 ness said that the liquid had a little whiskey taste hut that he did not drink enough of it to affect him.
 

 The charge is attacked because of the refusal to instruct the jury upon the law of circumstantial evidence.
 

 The court instructed the jury that in order to convict, there should be a finding that the appellant possessed equipment for the manufacture of liquor capable of producing intoxication, namely, a complete still in operation, consisting of a boiler, condenser, worm and a half barrel of mash. The evidence seems to be conclusive that the appellant had some apparatus but whether it was capable of making intoxicating liquor seems to be but a matter of inference. Certainly there was no direct testimony that it would do so. ¥e are of the opinion that in response to the exception to the charge and the request of the appellant, the charge on circumstantial evidence should have been given.
 

 Because of the error pointed out, the judgment is reversed and the cause remanded.
 

 Reversed and remanded.