OSCAR HIGHTOWER V. THE STATE.

No. 11120.   Delivered November 9, 1927.

1.—Possessing Equipment, Etc.—Charge of Court—On Circumstantial Evidence—Erroneously Omitted.

Where appellant, charged with possessing a still, was found at a still, which was evidently in operation, and on discovering the approach of officers fled, the factum probandum in the case, i. e., the possession by appellant of the equipment for the manufacture of intoxicating liquor, depending upon circumstances disclosed, the court should have charged the jury on the law of circumstantial evidence.

2.—Same—Continued.

Plainly the question of possession that is, the care, control and management of the equipment, must be established, either by direct or circumstantial evidence, and when this fact must be drawn by inference from the circumstances shown, the case is necessarily one of circumstantial evidence, and when properly excepted to, the failure of the court to so charge requires a reversal of the case.

Appeal from the District Court of Panola County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant. On the failure to charge on circumstantial evidence, appellant cites: Weaver v. State, 257 S. W. 253; Ellison v. State, 270 S. W. 860; Kyle v. State, 270 S. W. 1020; Chew v. State, 284 S. W. 559; Haswell v. State, 282 S. W. 594; McFarlan v. State, 292 S. W. 895.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing equipment for the manufacture of intoxicating liquor, punishment one year in the penitentiary.

There are three bills of exception in the record. We are not in accord with appellant's complaint of the charge of the court for its submission of the law of principals. From the testimony it appears that two other parties were present at the time and place when appellant is charged to have possessed the equipment in question.

There was an exception taken to the charge of the court for its failure to submit the law of circumstantial evidence. We are of opinion that the case rests upon that character of testimony. Officers had found some mash and a still. After an absence they returned to the spot and some of their number went near enough to satisfy themselves that the still was in operation. The officers then advanced upon the party at the still. Three of the posse testified. One of them said that as he ran toward the still he saw appellant pouring corn whiskey into a five-gallon container. In another place the same witness testified that what he saw the defendant do was that he was pouring, "I guess it was whiskey—it was—in that little copper outfit." In another place the witness testified: "Yes, I just saw him as I was running up. Asked if it was my impression that he was pouring something in this keg, I will say he was pouring something in there, I don't know what it was, I guess it was whiskey, I wouldn't say it was whiskey—well, I will say it was whiskey, it smelled like that." Neither of the other two officers who testified gave evidence of anything done or said by appellant except that he ran away from the place where the still was, waded a creek and got away. It was shown that there were two other men at the still beside appellant. On this testimony the question arises as to the extent to which same goes to establish the factum probandum in the case, i. e., the possession on the part of appellant of equipment for the

manufacture of intoxicating liquor. That he was present at the place where the equipment was located is beyond dispute. He testified that he had just walked up to the place and was in the act of taking a drink when the officers appeared and arrested him. No witness testified to any statement or admission on the part of appellant of possession or control of the equipment. He was not seen to carry it to the place where found, or to adjust it, or move it, or to do any other act indicating control thereof, save as herein set out. The most that can be said is that he was present, which was a circumstance; that he ran away, which is another circumstance; that he was seen to pour something which one officer thought was whiskey into a keg or copper outfit or container—whatever it was. It occurs to us that plainly the question of possession, that is, the care, control and management of the equipment, was an inference to be drawn from these circumstances, and being such inference, the case is necessarily one of circumstantial evidence. Mr. Branch in his Annotated P. C., Sec. 2478, makes quite a clear statement of what we regard as a sound proposition of law. See Weaver v. State, 257 S. W. 253; Ellison v. State, 270 S. W. 860; Berry v. State, 282 S. W. 594.

Believing the learned trial judge fell into error in refusing to submit the case to the jury upon the law of circumstantial evidence, the judgment will be reversed and the case remanded.

*Reversed and remanded.*