STEVE HUMPHREY v. THE STATE.

No. 11750. Delivered June 13, 1928.

The opinion states the case.

*McFarlane & Dillard* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, cow theft; penalty, two years in the penitentiary.

Witness Robinowitz lost a cow described by him as a light red cow with an "R" on the hip. He identified a hide shown him as that of his animal. This hide was shown by the witness Henry Brown to have come from a cow slaughtered on the premises of Jim Brown, there being present at the time appellant, Jim Brown and witness, Henry Brown. The witness Henry Brown took this hide and hid it, afterwards delivering it to the officers. Henry Brown further testified that appellant said at the time the cow was butchered that it was Robinowitz's cow. Estella Brown was offered to corroborate Henry Brown and she testified that on the day before this occurred she saw appellant and Jim Brown driving two cows, one of them a pale red cow, from her field and that appellant told her to tell her husband that he took the fence down to put those two Dodson cows out but he put it back like he found it. She was not able to identify these cows, and they were referred to as "Dodson cows" by appellant.

The Court failed to charge on circumstantial evidence. There is in the record no direct testimony of an original taking. In theft cases the factum probandum is the taking of the property from the possession of the person in whom possession is alleged. In this case the State relied upon appellant's connection with the animal at the time it was butchered and his statement that it was Robinowitz's cow as a circumstance to show that he was connected with the original taking of this cow.

Witness Henry Brown was regarded as an accomplice apparently and a charge on circumstantial evidence is not required merely because the testimony of guilt comes from an accomplice witness. Wampler v. State, 28 Tex. Crim. Rep. 353. However, it will be observed in this, case that the accomplice witness only testified to circumstances tending to show appellant's connection with the original taking.

Mr. Branch states the rule as follows:

"In cases of theft proof of possession of property recently stolen which is unexplained, or proof of such possession explained when the explanation does not admit the taking of the property from the person in whom possession is laid, is but a circumstance, and if there is no direct evidence of such taking a charge on circumstantial evidence is required." Branch's P. C., Sec. 2478. See also Montgomery v. State, 13 Tex. Crim. App. 669; Faulkner v. State, 15 Tex. Crim. App, 117; Hightower v. State, 299 S. W. 413.

Appellant's objection to the Court's failure to charge on circumstantial evidence presents error which demands a reversal.

The Court's charge on accomplice testimony appears to be erroneous under the rule announced in Standfield v. State, 84 Tex. Crim. Rep. 437; Walker v. State, 94 Tex. Crim. Rep. 653. We find no proper objections, however, to such charge except in the brief of appellant and mention it only in view of another trial.

We do not pass on the sufficiency of the evidence.

Other errors assigned and presented are believed to be without merit and are overruled.

Because the Court failed to charge on circumstantial evidence, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.