R. L. Van Zant v. The State.

No. 11725.   Delivered June 20, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is the possession of a still for manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant timely excepted to the failure of the court to embody in his charge an instruction covering the law of circumstantial evidence. We think under the facts that such an instruction should have been given. It was incumbent upon the state to show that appellant had care, control and management of the still. The main fact to be proved was the possession of a still for manufacturing intoxicating liquor. As we view the record, the question of appellant's possession depended upon inferences to be drawn from circumstances. Having located a quantity of mash officers kept watch from midnight until about 3 a. m. In the meantime four parties came to the vicinity of the mash. The officers, who were something over 100 yards from them, saw the parties set up a still, build a fire under it and pour mash in it. The parties whom the officers were watching were using electric lanterns. The officers could see their forms moving around as they worked, but were unable to recognize any of the parties on account of the fact that it was dark and that they were too far away. One of the men left the still and apparently was not seen to return. One of the officers testified that they knew that there was more than one man at the still, but that

they were unable to tell whether there were two men or half a dozen present. At three a. m. the officers closed in on the parties and placed them under arrest. At the time they rushed upon the still, appellant and one Kane were asleep, while appellant's son was attending the fire. The daughter of appellant testified that her father remained at home on the night the still was captured until shortly after twelve o'clock; that he left the house about 12:15 and returned in about fifteen minutes; that he went to bed requesting her to wake him up about 3 a. m.; that he left the house at 3 a. m. and did not return.

If appellant aided Walter Van Zant in setting up the still and placing mash in it, none of the officers were able to identify him while he was giving such aid. The most that can be said is that the inference might properly be drawn that appellant was a principal in the possession of the still from the fact that four men whom the officers were unable to identify placed the still in position, kindled a fire under it and poured mash in it, and the further fact that appellant was found asleep near the still at the time the officers made the arrest. The record contains no direct evidence that appellant carried the still to the place where it was found, that he adjusted it, moved it or did any act indicating control thereof. That he did these things is an inference to be drawn from the circumstances. It seems to have been appellant's theory, given support by the testimony of his daughter, that he had only been at the still a short time when the officers made the arrest, and could not, therefore, have done any act showing possession of said still. In support of our conclusion that the facts required a charge on circumstantial evidence, we cite Hightower v. State, 299 S. W. 413.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.