RAMON MARTINEZ V. THE STATE.

No. 23880. Delivered January 7, 1948.

*Wright Stubbs,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Theft of turkeys is the offense; the punishment, two years' confinement in the penitentiary.

The injured party, Rodriguez, resided on a farm situated on the road leading from San Marcos to Bastrop and near the air field. On the night of November 25, 1946, he penned in a garage his twenty-five baby beef turkeys and securely fastened the doors, one of which was a screen door. The next morning (November 26, 1946) he discovered that during the night the screen door had been cut and twenty-three of the turkeys stolen. Near the door were found two strips torn from old cotton sacking. The same day, appellant sold to the witness Alderson in Austin, Texas, twenty-one baby beef turkeys. The legs of each turkey were tied with strips similar to those found at the scene of the theft. Rodriguez said that his turkeys were of the 1946 crop—that is, less than a year old. Alderson made no attempt to describe the ages of the turkeys which appellant sold to him.

The State introduced in evidence appellant's confession, which, after showing a proper statutory warning, reads as follows:

"My name is Ramon Martinez. I live close to San Marcos, Texas, and my house is near the San Marcos Army air field. On the 16th day of November, Santis Martinez, Merejildo Martinez and myself went to Austin and sold a load of turkeys to a produce company that is located on East 6th st. in Austin. The man made the check out to my brother Merejildo Martinez. We bought two pounds of pecans each then went on down to a store that sells clothes and my brother cashed the check. My brother Merejildo took my other brother and myself home.

"A few days later my brother and myself decided to go up to a place on a hill and get some turkeys that I had located. We knew where we could sell them in Austin and get the money for them. I went over to Merejildo's house the night that we

got the turkeys in my car. We got a sack that belonged to us and got in Merejildo's car and went to a place where we were to get the turkeys. We parked the car on a highway behind a bush and walked across a plowed field to the house on the hill where the turkeys were. After we got there we tore some strips off *of* the cotton sack to tie the turkeys. We would get them out and tie them up and carry them to the car. We had to make several trips to the car with the turkeys. We left some of the turkeys there; we didn't take all of them.

"We then went on to Merejildo's house and stayed until about five o'clock in the morning and started for Austin with the turkeys. We still had them in the back seat of Merejildo's car. When we got to Austin we drove around behind *of* the produce company that we had sold the first load. We got to Austin about 7:00 AM, I don't know the date but I think it was Tuesday. A man came out to the car and bought the turkeys whose name I do not know but he is the man that accused me of selling the turkeys and identified me yesterday, January the 28, 1947, at Clark's Produce house in Austin, Texas. After we weighed the turkeys, this man carried me up stairs and made out the check to me for the turkeys. He made the check out to John Ramez, the name I gave him. We left the place and went up the street and parked the car near the bank. My brother stayed in the car while I went to the bank to cash the check. After cashing the check I gave my brother Merejildo $18. or $20. of this money. We then left Austin and went to Merejildo's house in San Marcos. I got out of his car and got my car and went on home.

"I am making this statement because I am guilty and I want to get the whole thing cleared up.

"Ramon Martinez (Signed)"

The foregoing are the facts upon which the conviction rests.

Appellant denied the theft and testified to an alibi in which he was very strongly corroborated by disinterested witnesses. He claimed that the confession was not voluntary but forced and extorted by the officers. This the officers denied.

The trial court submitted to the jury the issues of fact touching the admissibility of the confession, and instructed the jury that unless the confession was voluntarily made, it was not to be considered. In that connection the trial court instructed the jury that in the event they found the confession was not voluntarily made, then the State's case was one of circumstantial evi-

dence, followed by a proper charge on circumstantial evidence.

By proper exception, appellant insisted that he was entitled to have the jury instructed upon the law of circumstantial evidence, irrespective of the confession.

It appears that the trial court entertained the view that the confession made a case against appellant by direct testimony and, therefore, if the confession was voluntarily made, the State's case was not one of circumstantial evidence and no necessity existed to instruct the jury upon the law of circumstantial evidence.

If the confession was susceptible of that construction, the trial court's view was correct. But the confession of appellant is not susceptible of such construction. It does not confess to the theft of the Rodriguez turkeys. It does confess to the taking of turkeys, but neither the number nor description of those turkeys is given. There is nothing in the confession showing that those turkeys were taken from the Rodriguez premises or in that vicinity. According to the confession ,the turkeys were taken from a "place on a hill." There is no testimony that the Rodriguez premises were situated upon a hill.

We are unable to reach the conclusion that the State's case was not one of circumstantial evidence. It follows that the trial court fell into error in refusing to charge without limitation upon the law of circumstantial evidence.

We are unable to agree with the appellant that the undisputed facts showed the confession was not voluntarily made. The testimony of the officers showed the confession was voluntarily made. The trial court properly submitted the issues of fact touching the voluntariness of the confession tothe jury.

From what has been said, it follows that the judgment is reversed and the cause is remanded.

Opinion approved by the Court.