**Roosevelt FORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47719.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied April 24, 1974.

Robert G. Coltzer, Galveston (Court-appointed), for appellant.

Jules Damiani, Jr., Dist. Atty., Ronald L. Wilson, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of murder with malice and sentenced to ninety-nine years' imprisonment.

Appellant's first ground of error urges that the court should have granted his requested charge to the jury instructing them to acquit if they found the homicide to be the independent act of appellant's co-defendant.

■ Appellant submitted three such requested charges, all in substantially the same language. The first reads as follows:

"You are instructed that if you believe from the evidence beyond a reasonable doubt that Elmer Thomas and Roosevelt Ford engaged in a common design to do the unlawful act of theft of a 1969 Oldsmobile and a robbery, but that Elmer Thomas, incited by his own particular malice, *or even to further the escape of both,* without the knowledge or consent of Roosevelt Ford, but acting on an independent impulse or design of his own, shot and killed Officer Zator, or if you have a reasonable doubt thereof, then the felonious intent of Elmer Thomas is not imputable to Roosevelt Ford, and you should therefore find Roosevelt Ford not guilty." (Emphasis added)

Each of the requested charges contained the clause instructing the jury to acquit even though the killing occurred to further the escape of both.

In Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948), we observe that when the thing done is the independent act of one of the parties, though done while engaged with others in a common purpose, the others are not responsible for it. But, if the crime be in furtherance of the common purpose, and was an offense which should have been contemplated as a possible result of the execution of the plan, then all parties engaged are equally guilty. See also, Serrato v. State, 74 Tex.Cr.R. 413, 171 S.W. 1133 (1914).

In Garcia v. State, supra, the Court stated that it might be inferred that the killing occurred in order to further the escape of all the parties, and that its occurrence should have been reasonably contemplated. The Court then held that a requested charge very similar to the charge requested in this case was properly refused as an incorrect statement of the law. The Court did not err in refusing to grant the requested charge in this case. Further, the charge actually given by the court here was substantially the same as that approved in the Garcia case. See Garcia v. State, supra, at 210 S.W.2d, p. 577, and Randolph v. State, 493 S.W.2d 869 (Tex.Cr.App.1973).

■ Appellant next contends that the court erred in not instructing the jury on circumstantial evidence on the issue of his acting as a principal with his co-defendant in the killing.

■ There was direct evidence, in the statement and testimony of the co-defendant, that appellant shot the highway patrolman. Where the evidence against an accused is positive, even though it is that of an accomplice, a charge on circumstantial evidence is not required. See Wagner v. State, 463 S.W.2d 432 (Tex.Cr.App.1971) and cases there cited.

■ In his third ground of error, appellant argues that the jury should have been discharged because the State exercised its peremptory challenges so as to exclude all members of the Negro race from the jury.

There is no showing in this record that the striking of Negro jurors here involved

was a part of a purposeful pattern of discrimination. In the absence of such proof, there is no error. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and Noah v. State, 495 S.W.2d 260 (Tex.Cr.App.1973) and cases there cited.

Counsel for appellant has raised six other grounds of error which he considers at least arguable. However, he admits with respect to each that there is an absence of merit.

In the interest of justice, we have considered these matters; however, they present no error.

The judgment is affirmed.