Gary Glenn ACY, Appellant,

v.

The STATE of Texas, Appellee.

No. 60805.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 17, 1981.

Rehearing Denied July 22, 1981.

John A. Haring, Dallas, for appellant.

Henry Wade, Dist. Atty., and William M. Lamb, Mike Keasler and Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation. After the jury found the appellant guilty and further found the allegations as to two prior felony convictions were true, the punishment was assessed at life imprisonment.

On appeal appellant complains the trial court erred in failing to give a charge on the law of circumstantial evidence despite a timely objection.

The sufficiency of the evidence is not directly challenged. A brief recitation of the facts will place the ground of error in proper perspective. Jean Macey, manager of apartments located at 5404 through 5411 Gaston Avenue, Dallas, testified that on the morning of March 24, 1978 she noticed some pot plants under the window of Apt. 127 rented by Nora Morgan, who was out of town. The window was open, and upon closer inspection she observed the apartment had been ransacked and apparently burglarized. Macey called the police.

Officer R.D. Millward, while investigating the burglary, observed officer Greenwood pick up a wallet under the open window of said apartment. It contained the identification of Robert Acy. Macey checked her application file and found one for Marcus Acy. As a result of information received, Millward and other officers proceeded to the apartment building next door. He related they followed a trial of broken pot plants to the entrance of the Marcus Acy apartment next door, and as a result of a conversation with Marcus Acy they then went to a nearby apartment at 3033 Grand Avenue. There Mrs. Sneed, the stepmother of Robert and Lorenzo Acy, invited the officers inside. Upon entering, they observed some of the property allegedly stolen and as described to them by Macey, including a painting and some jewelry. Robert and Lorenzo Acy, age 17 and age 15, respectively, were arrested. Most of the other allegedly stolen merchandise was recovered where it had been thrown in the bottom of a bedroom closet.

Officer F.R. Overstreet testified he had arrested Robert and Lorenzo Acy, and as he was placing Robert in a police car outside the apartment he noticed a man, whom he identified as the appellant, Gary Acy, standing 25 or 30 feet away with another man, later identified as the father of Robert and Lorenzo Acy, Jefferson Davis. At this time Robert Acy looked at the appellant and said, "There is the other dude, Gary, who was with us when we broke into the apartment." This statement was made in a sufficiently loud voice so as to be heard by the appellant. Appellant was then arrested and "patted down" and a pair of earrings, later shown to have been taken in the burglary, was found in his pocket.

Nora Morgan stated she lived at apartment 127 located at 5411 Gaston Avenue, that she was out of town at the time of the burglary, that she returned to find her apartment ransacked and some of her property missing. She identified the earrings found in appellant's pocket as hers and testified she did not give appellant permission to break and enter her house and take her property.

We now turn to appellant's claim the trial court erred in failing to charge on the law of circumstantial evidence despite timely objection.

In *Richardson v. State*, 600 S.W.2d 818, 823 (Tex.Cr.App.1980), this court wrote:

"The distinction between direct and circumstantial evidence is that the former directly demonstrates the ultimate fact to be proved, while the latter is direct proof of a secondary fact which, by logical in-

ference, demonstrates the ultimate fact to be proved. *Oliver v. State*, 551 S.W.2d 346 (Tex.Cr.App.1977); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973).

"Generally, proof that a defendant has admitted or confessed to having killed the deceased is direct and not circumstantial evidence of the main inculpatory fact and a charge on circumstantial evidence is not required. *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977); *Swift v. State*, 509 S.W.2d 586 (Tex.Cr.App.1974); *Corbett v. State*, 493 S.W.2d 940 (Tex.Cr.App.1973); *Steel v. State*, 459 S.W.2d 649 (Tex.Cr.App.1970). To constitute direct evidence, however, the admission or confession must *unequivocally* admit the commission of the very same act charged; only in this instance is the trial court relieved of the necessity of instructing the jury on the law of circumstantial evidence where the State is relying on the confession *alone* to supply proof of the main inculpatory fact. *Ridyolph*, supra; *Hielscher v. State*, 511 S.W.2d 305 (Tex.Cr.App.1973); *Martinez v. State*, 151 Tex.Cr.R. 316, 207 S.W.2d 387 (1948).

"Even if an accused admits to the commission of a crime 'it must be shown by the evidence and the confession of the accused that the crime admitted is the *same* (footnote omitted) crime for which the defendant is being tried if the circumstantial evidence charge is not given. If it is only by a process of inference from the confession ... that it can be determined that the accused did the killing or was a guilty participant therein, the court should give the circumstantial evidence charge.' *Ridyolph* at 789; see also *Casey v. State*, 523 S.W.2d 658 (Tex.Cr.App. 1975); *Hielscher*, supra; and *Martinez*, supra."

█ It is also well settled that where the evidence against the accused is positive, although it be that of an accomplice witness, a charge on circumstantial evidence is not necessary. *Ford v. State*, 507 S.W.2d 735 (Tex.Cr.App.1974); Article 36.14, V.A.C. C.P., note # 442, and cases there cited.

In *Humphrey v. State*, 110 Tex.Cr.R. 306, 8 S.W.2d 143 (1928), it was held error in a prosecution for theft of a cow to fail to instruct on circumstantial evidence despite the testimony of an accomplice witness. The court wrote: "However, it will be observed that the accomplice witness only testified to circumstances tending to show appellant's connection with the original taking."

In the instant case there were no eyewitnesses to the burglary. Investigating officers found a wallet bearing the identification of Robert Acy under the open window. Further investigation led them to an apartment on Grand Avenue. There, upon being admitted, they saw several items taken in the burglary and arrested Robert Acy, 17 years old, and Lorenzo Acy, 15 years old. Officer Overstreet was permitted to testify, over a hearsay objection, that as he was placing Robert in the police car, Robert looked at the appellant about 25 feet away and said, "There is the other dude, Gary, who was with us when we broke into the apartment." Appellant was then arrested, searched and earrings taken in the burglary were found in his pocket.

The State argues that this constitutes direct evidence, and no charge on the circumstantial evidence was required. The State quotes from *Crestfield v. State*, 471 S.W.2d 50, 53 (Tex.Cr.App.1971):

"The appellant also complains because the testimony was hearsay. However, an exception to the hearsay rule lies where a declaration or statement is made by a third person in the presence of the accused. 24 Tex.Jur.2d 75, Sec. 563.

" 'Where a statement or remark is made in defendant's presence, which he understood and which called for a reply, his silence or acquiesance (sic) may be shown as a confession where he was not under arrest.' 1 Branch's Ann.P.C. 91, Sec. 87. Thus, any objection to the testimony on the grounds that it is hearsay is invalid."

The State seemingly urges that the hearsay objection was not valid, that the "res gestae" statement of Robert Acy in the

appellant's presence followed by appellant's silence constituted a confession, eliminating the necessity for a charge on circumstantial evidence. Further, the State argues that even though it was a res gestae statement rather than an accomplice witness' in-court testimony the same rules as to accomplice witness testimony apply and no charge on circumstantial evidence was required for this reason also.

■ Putting other difficulties aside, if it can be argued that the *appellant*, who was not under arrest, had some obligation to respond to Robert Acy's res gestae of arrest statement under the circumstances, and that his silence constituted a confession, several observations are in order. First, the statement could be construed that the appellant was only present when the offense was committed. Mere presence alone or knowledge of an offense does not constitute one a principal or a party to the offense charged. *Ware v. State*, 467 S.W.2d 256 (Tex.Cr.App.1971); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976); *Drager v. State*, 555 S.W.2d 743 (Tex.Cr.App.1977). Under such an interpretation, the confession would not be an unequivocal admission of guilt so as to relieve the court of the necessity of charging on circumstantial evidence. *Richardson v. State*, supra; *Hielscher v. State*, supra.

■■ If the statement by Robert Acy and appellant's silence could be interpreted to the effect that the appellant was a participant in a burglary, it must be remembered that to constitute direct evidence the confession must unequivocally admit the commission of the very act charged in the indictment. Robert's Acy statement about breaking into "the apartment" does not show that it was the same habitation as charged in the indictment. *Richardson v. State*, supra. Thus, if it can be said there was a confession, it was not such as to eliminate the requirement of a circumstantial evidence charge.

■ The State also argues that although the statement was not made by an accomplice witness in court the rules relating to

accomplice witness testimony removing the necessity of charging on circumstantial evidence should apply to the statement of 17-year-old Robert Acy. Even if this were true, the statement was not sufficient as the "accomplice witness" only testified through officer Overstreet to circumstances tending to show appellant's connection with the burglary. See *Humphrey v. State*, supra.

■ It is also noted that appellant was in unexplained possession of recently stolen property. Such possession is circumstantial evidence. It is not positive evidence of burglary or theft, but is merely a circumstance to be considered with other evidence in determining guilt. 55 Tex.Jur.2d, Theft, § 213.

In *Levi v. State*, 573 S.W.2d 784 (Tex.Cr. App.1978), it was held that when proof of theft is supported only by the unexplained possession of property recently stolen, a defendant is entitled to a charge on the law of circumstantial evidence if timely requested or if there is a timely objection to the court's jury instructions.

■ We must conclude under the circumstances that the court erred in failing to respond to appellant's objection to the charge for its failure to include a charge on the law of circumstantial evidence.

The judgment is reversed and cause remanded.