Opinion Issued April 11, 2002















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00696-CR

____________


FRED MALCOLM HARDEWAY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court 

Harris County, Texas

Trial Court Cause No. 844924






O P I N I O N

 A jury convicted appellant of delivering at least four grams of cocaine. 
Appellant pleaded true to one enhancement paragraph, and the trial judge assessed
punishment at 16 years and one day in prison and a $5,000 fine. We modify the
judgment and affirm as modified. FACTS

 On May 16, 2000, Officer Wiltz, an undercover Houston police officer, met
with a confidential informant, who introduced her to Manuel. Officer Wiltz agreed
to buy five ounces of crack cocaine from Manuel the next day at the same location. 
 Officer Wiltz returned the next day at 6 p.m. in an unmarked vehicle. About
45 minutes later, Officer Wiltz met Manuel and five other people, including appellant. 
Manuel, Officer Wiltz, and an unidentified individual went upstairs to exchange
money for the cocaine. The others, including appellant, remained downstairs,
standing around Officer Wiltz's vehicle and constantly "milling" and "looking"
around the area. Officer Wiltz testified these individuals were lookouts watching for
police activity.

 After Officer Wiltz had purchased the cocaine from Manuel, she went
downstairs and created a ruse, which gave her raid team time to reach her. As part
of the ruse, Officer Wiltz asked the lookouts how to hide the cocaine under her car's
hood. Appellant told her how to hide the cocaine. While appellant was helping
Officer Wiltz hide the cocaine, the raid team arrived and arrested appellant.

CHALLENGE FOR CAUSE

 In his first and second points of error, appellant contends the trial judge erred
by denying his challenge for cause to venire member number one. Appellant argues
that venire member number one was biased against appellant as a matter of law and
fact.

 To preserve error from a trial judge's denial of a defendant's challenge for
cause, the record must show that (1) the defendant asserted a clear and specific
challenge for cause; (2) the defendant used a peremptory strike on that juror; (3) all
of the defendant's peremptory strikes were exhausted; (4) the defendant's request for
additional strikes was denied; and (5) an objectionable juror sat on the jury. See
Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App. 1994). 

 Appellant challenged venire member number one for cause, used a peremptory
strike on her, and exhausted all of his peremptory strikes. However, appellant neither
requested additional peremptory strikes from the trial judge nor identified an
objectionable juror on the panel. Thus, appellant waived his first and second points
of error. See id; Tex. R. App. P. 33.1(a). 

 We overrule appellant's first and second points of error.

FACTUAL AND LEGAL SUFFICIENCY 

 In his third and fourth points of error, appellant claims that the evidence was
factually and legally insufficient to sustain his conviction as a party to the delivery
of cocaine. 

 We follow the usual standards of review for legal and factual sufficiency 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (legal sufficiency);
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual sufficiency).

 The law of parties can be applied to the delivery of a controlled substance. See
Cornejo v. State, 871 S.W.2d 752, 755-56 (Tex. App.--Houston [1st Dist] 1993, pet.
ref'd). "A person is criminally responsible for an offense committed by the conduct
of another if . . . acting with the intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense." Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). The court
may consider events before, during, and after the offense to determine if appellant
was a party. See Beier v. State, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985). 

 Based on the evidence, the jury could have found that (1) appellant was with
a person, Manuel, who had pre-arranged a drug deal with Officer Wiltz; (2) appellant
was acting as a lookout for Manuel; (3) appellant advised Officer Wiltz to move her
vehicle to a less obvious location; (4) when Officer Wiltz asked how to hide the
cocaine, appellant volunteered that she should hide it under her car's hood; (5)
appellant further advised Officer Wiltz to wrap the container containing the cocaine
in a cloth and then hide it near the vehicle's evaporator; (6) appellant's voice is on the
police surveillance video, telling Officer Wiltz how to hide the cocaine; and (7)
appellant was under the hood of the vehicle when the raid team arrived. We hold that
the evidence was legally sufficient to convict appellant as a party to the delivery of
cocaine. 

 Appellant's factual sufficiency challenge relies on the following facts: (1)
appellant was not visible on the police surveillance video; (2) appellant did not run
when he was notified the police were coming; and (3) Johnny Walker, who was also
involved in the drug deal, testified that appellant was not involved in the planning of
the drug sale and just "tagged along" to the location of the drug deal. 
However,Walker further testified that appellant was aware that he, "T," and Vanessa
were carrying cocaine. We hold the evidence was factually sufficient. (1)

 We overrule appellant's third and fourth points of error.

ARRAIGNMENT

 In his fifth point of error, appellant contends the trial judge erred in the
punishment phase by failing to arraign him and have him plead to the enhancement
paragraph. Because appellant did not object on this basis at trial, the point is not
preserved for review. See Tex. R. App. P. 33.1(a). Moreover, the point has no merit. 
See Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); Simms v. State, 848
S.W.2d 754, 755 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (a judge assessing
punishment does not have to arraign the defendant and secure his plea to an
enhancement paragraph).

 We overrule appellant's fifth point of error.

MODIFICATION OF JUDGMENT

 The State requests that we modify the judgment concerning punishment. We
may modify and correct a judgment as the law and the case may require. See Tex. R.
App. P. 43.2; Fitts v. State, 982 S.W.2d 175, 180 (Tex. App.--Houston [1st Dist.]
1998, pet. ref'd). The judge orally assessed punishment in this case at 16 years and
one day in prison and a $5,000 fine. The written judgment, however, assessed
punishment at 15 years and one day in prison and a $5,000 fine. When such
variances arise, the oral pronouncement controls. See Coffey v. State, 979 S.W.2d
326, 328 (Tex. Crim. App. 1998). Consequently, we modify the judgment to assess
punishment at 16 years and one day in prison and a $5,000 fine. 

 As so modified, the judgment is affirmed. 



 Murry B. Cohen

 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (2) 

Do not publish. Tex. R. App. P. 47.
1. We distinguish Thomas v. State and Acy v. State. Thomas, 645 S.W.2d 798
(Tex. Crim. App. 1983); Acy, 618 S.W.2d 362 (Tex. Crim. App. 1981). 
Appellant relies on both cases for the proposition that mere presence at the
scene of an offense is not sufficient to support a conviction under the law of
parties. Thomas, 645 S.W.2d at 800; Acy, 618 S.W.2d at 365. Unlike in
Thomas and Acy, appellant actively participated in trying to conceal the 
cocaine. See Thomas, 645 S.W.2d at 800; Acy, 618 S.W.2d at 365. 
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.