In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00129-CR


______________________________




BOBBY CHAPMAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00F706-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Bobby Chapman has appealed from his conviction by a jury for indecency with a
child. The clerk's record was filed October 9, 2001, and the reporter's record was filed
November 27, 2001. The brief was therefore originally due December 27, 2001. Chapman
is represented by appointed counsel, Daniel Siler.

 Siler asked for multiple extensions of time in which to file the brief. After four
months elapsed, we warned him that no more extensions would be granted. Siler then
filed a motion for yet another extension, asking for an additional six days, to April 11, due
to the emergency hospitalization of his daughter and the severity of her condition. We
granted the motion, again with the notation no further extensions would be granted. 

 Instead of filing the brief, on April 12, Siler filed a motion to dismiss the appeal,
stating Chapman did not desire to appeal his conviction. The motion to dismiss was not
signed by Chapman, though counsel stated in his motion that he had asked Chapman to
sign an affidavit to that effect. (1) Tex. R. App. P. 42.2(a) controls motions to dismiss appeals
by appellants in criminal cases. The rule does not allow this Court to dismiss an appeal
based on a motion to dismiss signed solely by the attorney. The motion must be signed
by the appellant. We informed counsel of the problem and delayed ruling on the motion
for four weeks, awaiting receipt of a written document signed by Chapman to show he
wanted to dismiss his appeal. None was received, and on May 14, 2002, we overruled the
motion and ordered Siler to file the appellant's brief on or before June 13, 2002. He did
not file the brief, nor did he take any other action in connection with the appeal.

 We abated the case to the trial court for a hearing to determine whether Chapman
wished to pursue this appeal and also to make recommendations on whether we should
hold Siler in contempt for his repeated failures to obey the directives of this Court. The
record of that hearing and the findings have now been filed. The trial judge recommended
that we not hold Siler in contempt and also found that, based on Chapman's statements
before the trial court, he did not wish to pursue his appeal. We accept the trial court's
recommendation on contempt.

 The appeal is dismissed. 


 Donald R. Ross

 Justice


Date Submitted: July 25, 2002

Date Decided: July 26, 2002


Do Not Publish

1. The rule does not require an affidavit, only the signature of the party.


 Ann. art. 38.14 (Vernon 1979). The
jury charge in this case included a definition of accomplice, stated Giddens and Luke were
accomplice witnesses, and spelled out the accomplice witness rule. 

 Article 38.14 provides that a conviction cannot stand on accomplice witness
testimony unless there is other evidence tending to connect the defendant to the offense. 
Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). The nonaccomplice
evidence need not be sufficient, in itself, to support a conviction, and the accomplice
witness rule is not governed by federal or state constitutional standards. Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 

 In this case, the State introduced into evidence the voluntary statement made by
Griffin to the police concerning this offense. Griffin's statement contained the following
admissions:

 (1) that he "rode around" with Giddens and Luke before the robbery, during which
time Giddens talked about wanting to commit a robbery at the truck stop. 


 (2) that Giddens obtained a toboggan at Griffin's house that Giddens used in
committing the robbery. 


 (3) that he furnished the jacket Giddens wore when Giddens committed the robbery.


 (4) that, while he was waiting in the car with Luke, he saw Giddens run out of the
truck stop with a gun in his hand. 


 (5) that, after leaving the truck stop with Luke and Giddens, he and Giddens later
got in the car with Tracie Jones, who took them to the home of James Giddens,
where they spent the night. 


 (6) that, on the morning after the robbery, he burned the toboggan and jacket that
Giddens had used in the robbery.


 The requirements of the accomplice witness rule were satisfied. This
nonaccomplice evidence introduced by the State tends to connect Griffin to the offense. 
Although the evidence clearly shows Griffin was not the one who actually exhibited the
weapon and took the money from the cashier, the law of parties is applicable and the jury
was so instructed. Under the law of parties, a person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote or assist the
commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid
another person to commit the offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994). 
In order to prevail against an accused as criminally responsible for the conduct of another
who committed aggravated robbery, the state must prove the accused harbored a specific
intent to promote or assist in the commission of the aggravated robbery. Pesina v. State,
949 S.W.2d 374, 382 (Tex. App.-San Antonio 1997, no pet.). 

 The state must show more than mere presence to establish participation in a
criminal offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981)
(op. on reh'g). Mere presence or even knowledge of an offense does not make one a party
to the offense. Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982); Acy v. State,
618 S.W.2d 362, 365 (Tex. Crim. App. [Panel Op.] 1981); see Monroe v. State, 47 Tex.
Crim. 59, 81 S.W. 726, 727 (1904) (holding mere fact defendant who was present but did
not participate or aid in homicide, concealed the offense for a time or failed to report the
killing, did not make him guilty of any offense). 

 In determining whether the accused participated as a party, the court may look to
events occurring before, during, and after the commission of the offense, and may rely on
actions of the defendant which show an understanding and common design to do the
prohibited act. Beier v. State, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985); Medellin v. State,
617 S.W.2d 229, 231 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Prior, 540 S.W.2d 723,
727 (Tex. Crim. App. 1976). Circumstantial evidence may be used to prove one is a party
to an offense. Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977). 

 In this case, the nonaccomplice evidence shows more than mere presence or
knowledge of the commission of the crime. The nonaccomplice evidence shows that,
before the aggravated robbery, Griffin knew of Giddens' plan to rob the truck stop and that
Giddens used Griffin's black toboggan with the eyes cut out and his jacket, both obtained
with Griffin's knowledge and consent shortly before the robbery and after Griffin knew of
Giddens' intent to rob the truck stop. Griffin's voluntary statement shows that, after the
commission of the robbery, he spent the rest of the evening with Giddens and that, on the
following morning, he burned his toboggan and jacket. This evidence is sufficient to
corroborate the accomplice witness testimony and allow the finder of fact to consider the
accomplice witness testimony. 

 Because we find the accomplice witness testimony adequately corroborated, we
overrule Griffin's sole point of error and affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: May 20, 2002

Date Decided: June 12, 2002


Do Not Publish