## MARSIMINO REYS v. THE STATE.

### No. 2755.   Decided October 14, 1903.

**1.—Indictment—Idem Sonons.**

The indictment charged that the offense was committed in "Guadlupe" and not "Guadalupe" County.   Held that the names are idem sonans.

**2.—Same—Term of Court.**

An indictment which shows that it was presented by the grand jury of Gonzales County, at the August term of the district court, may, on application of the State, be amended to show that it was presented at the July term of said court.

**3.—Bill of Exception—Competency of Witness.**

When a bill of exception fails to show the materiality of the testimony of the witness, the question as to whether the witness was subject to the penalties of perjury on account of being under age and therefore not competent to testify, can not be raised, and the action of the lower court in permitting such witness to testify can not be revised on appeal; the statement of facts can not be looked to to help out a defective bill of exception.

Appeal from the District Court of Guadalupe.   Trial below before Hon. M. Kennon.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of fifteen years, and prosecutes this appeal.

What purports to be a statement of facts does not appear to have been approved by the trial judge, and consequently can not be considered. Appellant assigns as error the action of the court refusing to quash the indictment. His first contention is that the indictment is fatally defective because it alleges the offense to have been committed in "Guadlufe" and not Gaudalupe county; that there is no such county in this State, and the court consequently, is without jurisdiction.   We have examined the original indictment, which appears in the transcript.   We think the letter "p" is plain enough; and the name as written is idem sonans with Guadalupe.   Appellant further insists that the indictment shows that it was presented by the grand jury of Gonzales County, at the August term, 1902, of the district court, when, he says, there was no such term as the August term.   On application the court permitted the indictment to be amended in this respect, and to show that same was presented at the July term of said court.   We think this was permissible.

Appellant assigns as error the action of the court with reference to permitting the witness Maria Reiz to testify. We quote from said bill as follows: "The State offered as a witness Maria Reiz, aged eight years; and the said witness was sworn and allowed to testify. The defendant then and there objected to the action of the court allowing said witness to testify, for the following reasons, because said witness did not understand the obligation of an oath, and being under the age of nine years she could not take the oath subject to the pains and penalties of perjury as prescribed by the Constitution of the State of Texas (art. 1, sec. 5). Defendant's objections were then and there overruled by the court."

To which the court appends the following qualification: "This bill does not set out the examination of the witness on the question of her capacity. Being examined by the court, she stated that she knew it was right to tell the truth, and that it was wrong to tell a lie; that if she told a lie, she would be sent to jail. She appeared to the court to be in every respect qualified to testify." The bill here presented attempts to raise a very interesting question, and, so far as we are advised, one that has not been passed upon by this court; that is, whether a witness who, under our Constitution, article 1, section 5, which provides that all oaths shall be administered, etc., subject to the pains and penalties of perjury, while article 34, Penal Code, exempts all persons under 9 years of age from punishment for any offense. The contention being that, inasmuch as said Maria Reiz can not be prosecuted for perjury in the courts of this State, the oath required by the Constitution could not be administered to her, and consequently that she could not testify as a witness. As stated, this is a very important question, but it is not necessary to be decided here, because the bill of exceptions is incomplete. It is not shown that the witness testified to any facts against appellant, much less that her testimony was of a material character. The bill states that she was eight years old, and aside from the statement of the judge that she testified that she knew it was right to tell the truth, and that it was wrong to tell a lie, and that if she told a lie she would be sent to jail, it does not appear that she testified further in the case, or that she stated any fact that could be used against appellant. Not only does the record fail to disclose that she testified to any material fact against appellant, but there is no statement of facts in the record. So that we are unable to look to the statement of facts, even if we were permitted to do so, to ascertain the character of her evidence. If we had the statement of facts before us, it might appear that she testified to some immaterial matter, and that the facts proven by other witnesses abundantly established appellant's guilt. In the absence of a proper bill of exceptions, we can not revise the action of the lower court. White's Ann. C. C. P., art. 724, sec. 859, and authorities cited. There being no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

HENDERSON, JUDGE.—This case was affirmed at a previous day of the term, and now comes before us on rehearing. In the original opinion we were in error in stating that the statement of facts as appearing in the record did not have the approval of the judge. Reys v. State, 73 S. W. Rep., 457. We find on inspection that the judge approved the same, and that said statement of facts is a part of the record in this case. We discussed the questions of law presented in the record, and these were preserved by bills of exception which did not involve a reference to the statement of facts. However, we would observe, as we did in the original opinion, that the statement of facts can not be looked to to help out a defective bill of exceptions. Consequently the bill of exceptions with reference to the competency of the witness Maria Reys stands exactly where it did before. As said in the original opinion, the bill fails to show that she testified to any fact detrimental to appellant; and the question of her competency or incompetency is therefore immaterial. We have examined the statement of facts carefully as to whether or not the facts are sufficient to sustain the conviction, and in our opinion they are ample. The motion for rehearing is accordingly overruled.

*Motion overruled.*