In Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931, we held that where the convict was sentenced in two cases on the same day by the same court that a reference in one sentence to the other by number alone effectively cumulated the second sentence with the first. Though there was a dissent in that case, the majority of the court felt that since the penitentiary authorities would receive the two sentences on the same day that the orders of the court would be clear to them.

 This court has through the years admonished the trial courts to incorporate in their cumulative sentences a full description of the prior proceeding in the interest of accuracy, but in this case we feel that a recitation of the number of the cause and the court in which the convict was sentenced is sufficient.

The relief prayed for is denied.

WOODLEY, Commissioner.

The appeal is from a conviction of murder without malice with the punishment assessed by the court at 5 years in the penitentiary.

No statement of facts appears in the record, in the absence of which we are unable to appraise the bills of exception.

All proceedings appear to be regular.

The judgment is affirmed.

Opinion approved by the Court.

## YOUNG v. STATE.
### No. 25388.

Court of Criminal Appeals of Texas.
Oct. 17, 1951.

No attorney on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is unlawfully transporting whiskey and beer in a dry area; the punishment, a fine of $350.

No notice of appeal appears in the record.

The appeal is dismissed.