## WILFRED FRED ZOCH V. STATE

No. 27,164. November 10, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 5, 1955

*William E. Kinnear,* Beaumont, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated, the jury having assessed the punishment at three days in jail and a $50 fine.

No statement of facts is found in the record and the appeal is predicated upon one bill of exception.

This bill complains that while the witness L. O. Bernhagen was testifying for the state a "specimen bottle" was handed to him, the label on which contained the words and figures "Willifred Fred Zoch, D.W.I., 11-7-53, 11:55 p.m. C.H.R. and A.W.M." (initials).

The bill reflects that the witness Bernhagen testified that the initials stood for C. H. Rudd and A. W. Mays, Highway Patrolmen; that Mr. Rudd initialed it and then handed the bottle to him and that he (Bernhagen) wrote on the label "alcohol equals .36 percent L.O.B."

The bill further reflects that A. W. Mays identified the bottle and label and, over objection, was permitted to read from the label the writing he had placed there.

The trial court qualified the bill stating that both of the named patrolmen had previously testified that they had "taken a voluntary specimen" at the time they arrested appellant; had sealed it and placed on it a label containing the words and figures first above mentioned which they initialed; that Officer Mays testified that the exhibit was the same specimen turned over to Officer Rudd.

Because of appellant's earnest contention that the exhibiting of this bottle to the jury, and the reading of the inscription on

the label thereof was so highly prejudicial as to call for reversal, we have demed it proper to set the matter out at some length. As stated, this is the sole ground presented for reversal.

The reading of the inscription on the label of what was apparently a specimen of fluid taken from the body of appellant by the officers and tested for its alcoholic content, does not appear to us inflammatory or prejudicial.

But in any event, this bill does not purport to set out all of the evidence regarding the specimen bottle and, in fact, does not show what was in the bottle.

In the absence of a statement of facts, we would not be in a position to appraise the bill. See Lewis v. State, 243 S.W. 2d 178. For aught we know, there may have been evidence at the trial which authorized the admission and exhibition of the "specimen bottle" or which cured the claimed error and removed its harmful effect.

The judgment is affirmed.