BURL EUGENE LYLES V. STATE

No. 33,826.   November 29, 1961

*O. E. Halsell,* Odessa, for appellant.

*Jack Tidwell,* District Attorney, *Mike Berry,* Assistant District Atorney, Odessa, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is burglary at night with intent to commit theft; the punishment, eight years and six months in the penitentiary.

The appellant did not take the stand, nor did he adduce any evidence. The uncontradicted facts produced by the state in evidence reflect that Jack D. McCall was employed by the victim, Bill Hale. One of McCall's duties was to secure the building and its contents before leaving each evening. This included making sure that the windows and the doors were closed and locked securely. McCall testified to making such a security check at about 6 or 6:30 p.m., on the evening proceeding the al-

leged offense and that at such time the building was secure with all windows and doors locked and closed.

Garland Sanders, another witness, also an employee of the victim, testified to opening the business the next day and discovering the burglary. This included finding the broken window and the debris from the safe scattered about in the parts room.

The witness Bill Hale, the victim, testified that he was the owner and operator of the Bill Hale Motor Company, located in Odessa, Texas. He testified to the remainder of the elemental facts of the offense, including the discovery that his safe and a pickup truck were missing.

Fred E. Johnson testified that he was a detective in the police department of the city of Odessa and that he took a confession from the appellant. Another detective, Floyd C. Hudman, Jr., of the Odessa police department, testified with reference to his investigation at the scene of the crime. Hudman also related the recovery of the big safe, the pickup truck, and the subsequent recovery of the smaller money vault.

Appellant, by informal bill of exception and by brief and oral argument, contends that the trial court erred in admitting testimony concerning the safe. He contends that since the safe had only been identified as State's Exhibit No. 1 and that it had not been admitted into evidence that the court erred in allowing testimony pertaining to it. As qualified, appellant's purported bill reflects a conference among the attorneys and the court in the presence of the appellant relative to the proposed exhibit at the time the exhibit was brought into the courtroom. The court suggested that it not be offered in evidence due to its 300 pound weight and bulk. Appellant agreed to said proposal. The exhibit was clearly admissible in evidence, under the facts of the case. We can find no harm attached to any testimony concerning this exhibit. The various witnesses could have referred to the safe, described it, and alluded to the money vault without reference to whether or not the exhibit was in the courtroom. This court has occasion to consider the practicability of certain exhibits from time to time. In the case of Dixon v. State, 108 Tex. Cr. Rep. 650, 2 S.W. 2d 272, the court said: "We cannot think the man who testifies that he found a horse must produce the horse before the jury before his testimony will be received." We think the testimony of the witnesses with reference to the safe, State's Exhibit No. 1, was admissible as was also the ex-

hibit. See: Zoch v. State, 160 Tex. Cr. Rep. 620, 273 S.W. 2d 622.

Appellant next contends, by informal bill of exception, that the trial court erred in not excluding the confession, for the reason that Officer Johnson testified that he gave the warning that it *would* be used in evidence against him, in contrast to the words could or may.

We have carefully read the statement of facts and find that the confession was tendered and received into evidence without any objection on the part of the appellant. Prior to the admission of the confession, the court recessed for fifteen minutes to allow appellant's counsel time to read it. The confession was read to the jury, without objection. We note that the witness Johnson testified once on direct examination to the effect that the confession "would" be used against him, prior to the state offering it in evidence. The first objection by appellant's counsel came some fifteen pages later, after the confession had been admitted and read to the jury. We think appellant waived any objection he might have had concerning the admissibility in evidence of the confession, and the contention is overruled. Mc-Cain v. State, 139 Tex. Cr. Rep. 539, 141 S.W. 2d 613.

The next contention made is that the court erred in not instructing the witness Hudman to divulge the name of his "informer." This court has many times held that an officer does not have to divulge the name of his informer. Shafer v. State, 151 Tex. Cr. Rep. 558, 209 S.W. 2d 599; Phillips v. State, 168 Tex. Cr. Rep. 463, 328 S.W. 2d 873; Sikes v. State, 334 S.W. 2d 440.

Appellant next predicates error upon the action of the trial court in allowing the state to amend the indictment to show the proper term at which the grand jury was organized.

The indictment recited that it was returned by the grand jury at the September Term, A.D. 1961, of said court; the endorsement and file mark of the clerk on the back of the indictment showed that it was filed on February 10, 1961. The court granted the state's motion to amend the indictment by changing on the face thereof the number "61" to "60".

We think the case of Grayson v. State, 35 Tex. Cr. Rep. 629, 34 S.W. 961, effectively disposes of appellant's contention in this

regard. In that case the question of the property of allowing the state to amend the indictment after the announcement of ready so as to make it show the organization of the grand jury at the "September Term, 1895," instead of reading "September Term, 189—," was involved. In affirming the conviction, the court said:

> "If this was a necessary, formal part of the indictment, the amendment should have been made before an announcement of readiness for trial by the parties, upon the exception urged. This amendment, in our opinion, was not necessary."

This opinion further states that "this portion of the indictment might have been stricken out, without invalidating it." To the same effect, see Murphy v. State, 36 Tex. Cr. Rep. 24, 35 S.W. 174 and Reys v. State, 45 Tex. Cr. Rep. 463, 76 S.W. 457.

We find no harm or error in the action of the trial court in allowing the amendment of the indictment.

Appellant next contends that the trial court erred in failing to instruct the jury that it could not convict him on his confession, alone.

The rule in Texas, historically, since the case of Kugadt v. State, 38 Tex. Cr. Rep. 681, 44 S.W. 989, has been that "a confession is sufficient, if there be such extensive corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of a jury beyond a reasonable doubt." For other cases in point, see: Johnson v. State, 117 Tex. Cr. Rep. 103, 36 S.W. 2d 748; Hernandez v. State, 165 Tex. Cr. Rep. 329, 307 S.W. 2d 88. We think the case of Watson v. State, 154 Tex. Cr. Rep. 438, 227 S.W. 2d 559, sets forth explicitly the propositions of law which govern questions of the nature presented by appellant in this case. The court said, in that case:

> "The confession of the guilty party alone is not sufficient to support a conviction for the offense, the confession must be corroborated.
>
> " 'Corroboration of the confession' in effect means proof of the corpus delicti.

" 'Corpus delicti' as used in this connection means proof of the fact that the crime charged has been committed by someone."

Appellant urges us to follow the case of Randolph v. State, 122 Tex. Cr. Rep. 151, 54 S.W. 2d 104. While we agree with the holding, we do not think it applicable to the case at bar. Randolph's case is necessarily limited to the facts giving rise to the opinion. There was a question in Randolph independent of the confession as to whether or not the items stolen were taken by means of straight theft or by theft as a result of a burglarious entry.

The facts in the case of Estes v. State, 160 Tex. Cr. Rep. 632, 274 S.W. 2d 411, are similar to the facts in this case. The evidence there showed that the owner of a drug store testified that it was broken into at night and some money taken from the cash register. The state produced an employee of the drug store, who testified that he had checked the drug store at 10 o'clock on the night in question and found it to be locked. Also, the investigating officer testified as to the results of his investigation, which showed that the door had been prized open and that he had seen the defendant in custody the next day. Added to that was the confession of the defendant. This conviction was affirmed on the basis of the rule that "where the State shows that a burglary has been committed by someone, the confession may be used to establish who the guilty party was."

We overrule appellant's contention.

Appellant also makes a contention concerning jury misconduct. There are no formal bills of exception nor supporting affidavits as to jury misconduct. Therefore this is not before us for review.

The sentence appearing in the record assesses punishment at eight years and six months. Not being indeterminate, the sentence is reformed to read not less than two years nor more than eight years and six months.

Appellant's counsel is to be commended for his diligence in prosecuting this appeal.

Finding no reversible error, the judgment is in all things affirmed.