### Ex parte Robert Dale NEWELL.
#### No. 38510.

Court of Criminal Appeals of Texas.
June 26, 1965.
Rehearing Denied Oct. 20, 1965.

L. Wayne Scott (court appointed), Waco, for appellant.

Don Hall, Dist. Atty., Jim Bock, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Relator made an application for writ of habeas corpus under Article 119, Vernon's Ann.C.C.P., to this Court after he had been convicted on the 6th day of October, 1960, for the offense of robbery by assault upon his plea of guilty; that he confessed after being indicted; that he requested the assistance of counsel; that he was told, "No lawyer is needed to confess your guilt"; that he did not have benefit of counsel prior to the time he entered the courtroom. This Court ordered the Honorable Vic Hall, District Judge, to develop the facts.

The State stipulated that the confession that was used was taken after the indictment. It was shown that the court reporters could not locate the records of the trial.

Don Hall testified that he was assistant district attorney at the time the case was tried and was district attorney at the time of the hearing; that according to the records the offense took place approximately 1:45 on September 20, 1960; the confession was made the 30th of September, 1960; the plea of guilty was October 6, 1960. It was shown that Mike Beard was appointed to represent the relator; that he had extensive experience in criminal matters; that relator told him he was guilty and he wanted to plead guilty; that he had a discussion and did not discuss it with relator for more than half an hour and made no independent investigation; that in other cases after checking with an accused he had refused to plead them guilty.

Burney Walker testified that he was district attorney; that the confession obtained from relator was introduced against him. It was shown that no objection was made to the introduction of the confession.

Relator testified that he was arrested outside of Waco and taken to the city jail; that he talked to the sheriff and later his co-defendant, Brawdy, talked to the sheriff and he did not see him any more; that he was in a bare tank by himself; that he requested to see counsel; that he was asked if he would make a confession with the robbery by firearms dismissed and he answered, "To be honest, no, I wasn't"; that he only talked to appointed counsel for a short time; that he did not remember the details surrounding the crime.

Coy Barrett testified that he was assistant district attorney of McLennan County; that he took the statement from relator; that relator did not ask for counsel.

Relief is sought because he did not have an attorney at the time the confession was made.

This case is distinguishable from Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Escobedo asked to see his attorney, and his attorney asked to see Escobedo prior to the confession.

In the present case, no attorney was asked for by relator; there were no threats, compulsion or persuasion.

Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, had a statement by Massiah to a co-defendant, Colson, heard by a federal agent, and it was held inadmissible because the statement was made without counsel subsequent to indictment. In Massiah counsel had been retained. In the present case none had been retained.

The relief sought is denied.

MORRISON, Judge (concurring).

I agree to the denial of the writ. It would have been an impossible task for the State to have refuted petitioner's testimony that he told "them" at the jail that he desired the services of an attorney. Had he been more specific as to names, descriptions or dates, another question might have been presented.