**Norris WARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39162.**

Court of Criminal Appeals of Texas.

Feb. 2, 1966.

Rehearing Denied March 16, 1966.

John Cutler, Houston, for appellant.

Frank Briscoe, Dist. Atty., Edward B. McDonough and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is felony theft; the punishment, two years confinement in the Texas Department of Corrections.

The evidence reflects that a house, located at 11118 Jutland, in Houston, Harris County, Texas, was broken into and entered on August 15, 1963, without permission of witness Cecil Cooper, who was in lawful custody of such property. A Tappan oven-stove combination, valued at about $150, was removed from these premises.

The written statement of appellant was introduced into evidence, in which he admitted his participation in the theft. He also admitted receiving a portion of the proceeds from the subsequent sale of the stolen property.

Appellant did not testify or present any evidence in his behalf.

We find the evidence sufficient to sustain the jury's verdict. We overrule appellant's contention that his voluntary statement was

**568**

not sufficiently corroborated. Bennett v. State, Tex.Cr.App., 396 S.W.2d 402; Lyles v. State, 171 Tex.Cr.R. 468, 351 S.W.2d 886; Smith v. State, Tex.Cr.App., 361 S.W.2d 390, cited by appellant, does not support his position, as the conviction in that case was reversed because no corpus delicti was established.

Appellant urges that the trial court erred in admitting into evidence his written statement. It is his contention that the statement was taken when he was without counsel; that he had not been taken before a magistrate prior to making the statement; and that his arrest, prior to the taking of the statement, was unlawful.

 When the statement was offered into evidence, the trial court retired the jury and conducted a hearing on the admissibility of this document in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; and Lopez v. State, Tex. Cr.App., 384 S.W.2d 345. The findings of fact made by the trial judge at the conclusion of this hearing reveal that appellant at no time requested counsel or stated that he was represented by counsel. We find no infringement of appellant's constitutional rights. Ex parte Newell, Tex.Cr.App., 394 S.W.2d 175.

The trial court further found that the statement was freely and voluntarily given "without threats, compulsion, persuasion, duress, coercion, improper influence, promises or any deals." Appellant did not develop facts which would show a causal connection between his arrest and alleged failure to take him before a magistrate and the making of the statement. Under these circumstances, the failure to take appellant before a magistrate would not render his written statement inadmissible under the statutory law then in effect. Ferrell v. State, No. 38,660, December 15, 1965, Tex.Cr.App., 397 S.W.2d 86, and cases cited. We need not pass on the legality of appellant's arrest in determining the question of the admissibility of the confession. It is the illegal detention and not an illegal arrest which, under certain circumstances, will vitiate a confession. Benitez v. State, Tex.Cr.App., 377 S.W.2d 651 and cases there cited. We find no error in the trial court's careful determination that appellant's written statement was admissible.

Appellant further contends that the trial court reversibly erred in its failure to instruct that the jury should "not regard as binding on the appellant Ward any testimony or evidence as to the acts of or statements made by Harvey Barnes out of the presence of the appellant." We find no testimony or evidence in the record which would require, or justify, such a charge.

Finding no reversible error, the judgment is affirmed.