**Jesse Allen SULLIVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 33308.

Court of Criminal Appeals of Texas.

Nov. 20, 1968.

Jesse Allen Sullivan, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

Appellant was convicted in the District Court of Hood County, in the year 1960, of the offense of burglary and his punishment was assessed at confinement in the penitentiary for twelve years, being enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character.

In an appeal to this court in which the record did not contain a statement of facts and appellant was not represented by counsel, the judgment was affirmed in a per

curiam opinion delivered April 12, 1961, unreported.

On February 2, 1968, appellant filed in the District Court of Hood County his petition for writ of habeas corpus, in which he alleged that he was being illegally restrained of his liberty under the judgment of conviction, without due process of law, because—due to his indigency—he was deprived of both the services of an attorney and a record in the appeal.

After a hearing in which an attorney was appointed to represent appellant, whose services were by him declined, the Honorable W. J. Oxford, judge of said court, granted to the appellant an out-of-time appeal and directed the court reporter to prepare and furnish him with a statement of facts of the evidence adduced upon the original trial.

At such hearing, appellant advised Judge Oxford that he desired to represent himself on the appeal and did not want counsel appointed to represent him.

In refusing appellant's petition that he be discharged from confinement, the court did not err.

The statement of fact is now before this court and will be considered with the transcript of the proceedings in this delayed appeal.

At the original trial, in which appellant was represented by counsel, evidence was presented by the state which showed the burglary of a building occupied by the Meyer Food Store in the city of Granbury.

Appellant's written confession was introduced in evidence, without objection, in which he admitted having committed the burglary. Evidence was also adduced which showed that certain property stolen from the building was found in an automobile in which the appellant was riding on the night of the burglary. Proof was also made of the prior conviction alleged for purpose of enhancement.

The evidence is clearly sufficient to sustain the conviction.

Proof that a burglary was committed by someone, together with appellant's confession, was sufficient to sustain the conviction. Lyles v. State, 171 Tex.Cr.R. 468, 351 S.W.2d 886.

Also, proof that a burglary was committed and appellant's unexplained possession of property stolen from the building was sufficient to sustain the conviction. Edmonds v. State, Tex.Cr.App., 407 S.W.2d 783.

The failure to carry appellant before a magistrate—of which complaint is made in his brief—did not vitiate the confession, which was made long before the enactment of Arts. 15.17, C.C.P., and 38.22, Vernon's Ann.C.C.P.

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not retroactive and has no application. Johnson v. State of New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882.

The judgment is affirmed.