Freddie Paul HOLMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 46153.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Curtis M. Simon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, and Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin, with two prior convictions alleged for enhancement; the punishment, life.

Houston Police Officer J. D. Oakes testified that on the day in question he and two other officers, armed with a search warrant, went to appellant's apartment where they found the appellant, Carol Neal and Janice Cole present. A search of appellant's person revealed "two wax papers of heroin". Asked if there was any addi-

tional heroin on the premises, appellant directed the officers to a lamp where they found "four other papers" and a bottle of 106 morphine tablets. Officer K. R. Dunlap testified that he also found "a syringe package lying on a shelf".

Appellant, testifying in his own behalf, intimated that Janice Cole brought the contraband into the house. He admitted that the officers found the "papers" on his person and that he directed them to the lamp from which they retrieved the other contraband, but stated that he did not know the "papers" were on his person until they were discovered by the officers. He also stated that he learned about the existence of the other contraband just prior to the time he pointed their location out to the officers.

On cross-examination he admitted seventeen prior felony convictions and further testified that he had been to the penitentiary three times.

Carol Neal testified that she was appellant's common law wife and denied that either she or appellant knew of the presence of the narcotics prior to the officers' arrival.

 Appellant's first two grounds of error challenge the legality of the search of appellant's person and his apartment. At the time the fruits of the search were offered in evidence the only objection interposed was that they were "immaterial to this case". Such an objection has been held to be "too general to merit consideration", Russell v. State, Tex.Cr.App., 468 S.W.2d 373.

 Grounds of error three and four maintain that throughout the trial certain inflammatory and immaterial evidence was brought before the jury but not formally introduced. The record does not support such allegations. Everything the officers found was offered and admitted in evidence over the objection set forth above. Nothing is presented for review. McElroy v. State, Tex.Cr.App., 455 S.W.2d 223.

 Appellant's fifth and sixth grounds of error are that he was not warned of his right to remain silent and his right to counsel prior to interrogation by the officers at his apartment. No such objection was interposed at time of trial and nothing is presented for review. Rawlinson v. State, Tex.Cr.App., 487 S.W.2d 341; Jackson v. State, Tex.Cr.App., 477 S.W. 2d 879; Lyles v. State, 171 Tex.Cr.R. 468, 351 S.W.2d 886.

 We note further that appellant testified fully about his conversation with the officers. " '. . . an accused cannot complain . . . when he later testified on direct examination to substantially the same facts.' " Washington v. State, Tex. Cr.App., 484 S.W.2d 721, certiorari denied, —— U.S. ——, 93 S.Ct. 1555, 36 L.Ed.2d 314, and the cases cited therein.

Finding no reversible error, the judgment is affirmed.