Roy Lee KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 57840.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 13, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Edith L. James, Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb, Mike Keasler and C. Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DA-VIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for theft. Punishment, enhanced by two prior felony convictions, is life.

Appellant raises grounds of error challenging the admissibility of his confession, the sufficiency of the trial court's findings regarding the admissibility of his confession, the sufficiency of the evidence to corroborate his confession, the omission of a circumstantial evidence charge, admission of a photograph of the scene of the theft, and the proof of one of the prior felony convictions used for enhancement.

Before appellant's written confession was admitted, the court conducted a hearing outside the presence of the jury to determine whether the confession was admissible. The State presented the testimony of officers McCurley, Cole and Fletcher. McCurley testified that he arrested appellant and read his Miranda warnings to him, and that appellant indicated he understood them. He also testified that appellant's eyes were open, that he was not complaining of being sick, and that he did not ask for a favor or for medicine.

Cole was the next officer to read him his constitutional rights, and he testified that appellant said he understood the warnings. Appellant then gave a statement about the offense to Cole, who then took appellant to a clerk and had appellant dictate his statement to the clerk. Cole testified that he and Fletcher were present while appellant dictated his statement to the clerk, but that he was not present when the statement was signed. He also testified that appellant seemed a little frightened.

Fletcher testified that he was not present when the statement was dictated, and that Cole brought appellant to him with the statement already typed up. Appellant then told Fletcher that he could read, write and understand the English language. After Fletcher read the statement to appellant, including the warning of his constitutional rights at the top of the statement, he handed the statement to appellant who appeared to read it before handing it back to Fletcher. Appellant then told Cole that the statement said what he wanted it to say and signed it in Cole's presence.

Appellant testified at the hearing and presented the testimony of his brother and two other witnesses. Appellant and his brother testified that he does not read and write English. Appellant also testified that he did not read the statement and does not understand the Miranda warnings, but admitted that he did sign the statement.

One of the other witnesses for appellant testified that appellant takes drugs, and that he would not understand legal documents read to him in that state. The other witness testified that she saw appellant on the morning of the day he was arrested and

gave his statement, and that he was under the influence of heroin at that time.

■ Appellant argues the confession should have been excluded because he was "high" on heroin or at the beginning of withdrawal at the time it was made, because he was illiterate and could not understand the statement he signed and tell if the words were his, and because the confession was not made to the person who gave him the warnings as required by Art. 38.22, Sec. 1(b, c), V.A.C.C.P.[1] He also contends the trial court's findings of fact are insufficient and require abatement of the appeal as was done in *Hester v. State,* Tex.Cr.App., 535 S.W.2d 354. This last issue has been rendered moot by findings subsequently made by the trial court, that appellant was literate and was not under the influence of narcotic drugs when he made the statement.

Appellant's evidence that he was illiterate was impeached by Fletcher's testimony that appellant told him the he could read and write English. Furthermore, Cole testified that appellant dictated his confession to the clerk and Fletcher testified that he read the confession to appellant and that appellant told him the statement said what he wanted it to say. Thus even if appellant had not read the statement, the evidence shows the written statement was appellant's own.

■ Although appellant would have been the best source of evidence on the issue of whether he was under the influence of narcotics or undergoing withdrawal at the time of his confession, this was his only testimony on the matter:

"Q. Were you a user of drugs at the time?

"A. Yeah, I've been messing with heroin for about ten years."

This, coupled with testimony by another witness that she saw appellant under the influence of heroin at about 7:15 a. m. of the day he made the confession, is insufficient to require us to set aside the trial court's finding that appellant was not under the influence of narcotics when he confessed that afternoon, sometime after 3:00 or 3:30.

■ Finally, we find no trial objection to the confession on the ground that the confession was not made to the person who gave him the warnings. Furthermore, the record does reflect that Cole warned appellant of his constitutional rights, appellant confessed to Cole, and appellant then dictated his confession to a clerk in Cole's presence. We find this sufficient to meet the requirements of Art. 38.22, supra, as in effect prior to the 1977 amendment, even though Cole was not present when appellant signed the confession after it was read to him by Fletcher.

We hold the trial court did not err in ruling the confession admissible.

■ We next consider the sufficiency of the evidence to corroborate the confession. Appellant relies on *Gilbertson v. State,* Tex. Cr.App., 563 S.W.2d 606, in which a conviction was reversed because the evidence was insufficient to connect the defendant with the offense charged. Unlike the confession in that case, appellant's confession, set out in the ground of error next discussed, coincides with the date of the offense, the make of automobile used, the property stolen, and the type of business establishment and town in which the theft was committed. Although the confession does not precisely state the location of the scene of the theft, two witnesses identified appellant at trial as resembling one of two men who arrived at the station shortly before the theft was discovered. Although their identification was not unequivocal, we find that it, coupled with proof that an offense was in fact committed, was sufficient to corroborate the confession. *Sullivan v. State,* Tex.Cr. App., 433 S.W.2d 904; *Lyles v. State,* 171 Tex.Cr.R. 468, 351 S.W.2d 886, 889.

Appellant also contends that the confession and corroborating evidence outlined above were insufficient to dispense with the need for a circumstantial evidence charge,

1. Acts 1967, 60th Leg., ch. 659, Sec. 23, p. 1740.

and that reversible error was committed when the trial court denied his request for one. The rule requiring such a charge in cases where a confession is admitted was stated in *Ridyolph v. State,* Tex.Cr.App., 545 S.W.2d 784, at 789:

"It is true, of course, that an admission or confession must unequivocally admit the commission of the act charged before the court is relieved of the necessity of giving a charge on the law of circumstantial evidence on the basis of a confession *alone. Martinez v. State,* 151 Tex.Cr.R. 316, 207 S.W.2d 387 (Tex.Cr.App.1948); *Hielscher v. State,* [Tex.Cr.App., 511 S.W.2d 305].

"It was made clear in *Martinez v. State,* supra, that even if the accused confesses or admits to the commission of a crime it must be shown by the evidence and the confession of the accused that the crime admitted is the same crime for which the defendant is being tried if the circumstantial evidence charge is not given. If it is only by a process of inference from the confession or admission that it can be determined that the accused did the killing or was a guilty party therein, the court should give the circumstantial evidence charge. See 4 Branch's Ann. P.C., 2nd ed., Sec. 2049, p. 358; *Hielscher v. State,* supra; *Casey v. State,* [Tex.Cr. App., 523 S.W.2d 658, 659]."

Appellant's confession in this case recites: "On Sunday, the 14th of November 1976, Roosevelt Valentine came by my motel and he had Will Green with him in a Cadilac [sic] and picked me up and we left Will Green there in my motel and we both went driving around a while and was getting low on gas and we drove by a service station in the City of Carrollton, Dallas County, Texas. I went into the service station to get someone to help us and I didn't see anyone, so I picked up the cash register and left and returned to the car and left the service station with the cash register and sometime later I split the money which was something over $100.00; I don't know how much for sure. Then we drove to my sister's apartment in Dallas (North Dallas) and took the cash register in her apartment and put it in the back and covered it with a blanket. As far as I know, Will Green knew nothing about us stealing the cash register."

■ The only evidence apart from the confession and proof that a theft was committed is the testimony of two witnesses at the service station who did not see the theft committed, but who did see appellant at the station a few minutes before the theft was discovered. Although this does not present as strong a case as *Ridyolph,* the rule as stated in that case applies when the confession does not unequivocally admit the commission of the act charged *and* the prosecution is "on the basis of a confession *alone.*" (Emphasis in *Ridyolph.*) The eyewitness testimony in this case removes it from the requirement that a circumstantial evidence charge be given. The ground of error is overruled.

■ In another ground of error appellant argues that a photograph of the service station where the theft was committed was improperly admitted because it was not properly authenticated.

"As with demonstrative evidence generally, the prime condition on admissibility of a photograph is that it be identified by a witness as an accurate portrayal of certain facts relevant to the issue, and verified by such witness on personal knowledge as a correct representation of these facts." *Haas v. State,* Tex.Cr.App., 498 S.W.2d 206, 211.

The owner identified the photograph as truly and accurately depicting the service station, and identified an "X" on the photograph as indicating where the stolen cash register was located in the station. This was sufficient, and *Goss v. State,* Tex.Cr. App., 549 S.W.2d 404, relied on by appellant, is distinguishable on the facts.

■ In his last ground of error appellant contends one of the prior convictions relied on for enhancement was a misdemeanor instead of a felony as required under V.T. C.A. Penal Code, Sec. 12.42(d). The conviction in issue was for assault with a prohibit-

ed weapon under Art. 1151, V.A.P.C. (1925). The punishment provided in that article is to be ". . . by a fine not to exceed two hundred dollars or by imprisonment in jail not to exceed two years, or by confinement in the penitentiary for not more than five years." Article 47, V.A.P.C. (1925) provided in part: "An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor." As was stated in *Ragon v. State,* Tex.Cr.App., 506 S.W.2d 214:

> "It has been consistently held that an offense which may be punished by confinement in the penitentiary is a felony even though an offender is actually punished by fine or confinement in the county jail. See *Middleton v. State,* Tex.Cr. App., 476 S.W.2d 14, and cases cited therein."

Since the permissible punishment for assault with a prohibited weapon included confinement in the penitentiary, appellant's prior conviction for that offense was a prior felony conviction regardless of the actual punishment assessed. The ground of error is without merit.

The judgment is affirmed.