Affirmed and Memorandum Opinion filed December 1, 2005









Affirmed
and Memorandum Opinion filed December 1, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00665-CR

____________

 

BRYDRICK
EARL BARNES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 929,149

___________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Brydrick Earl Barnes
was charged by indictment with capital murder. Appellant pleaded guilty to a
reduced charge of aggravated robbery and received a life sentence.  Appellant brings two issues on appeal in
which he challenges the trial court=s rulings
on his pre-trial motion to suppress.  We
affirm. 








I.  Factual
and Procedural Background

On or about October 25, 2002,
Frank Brooks was murdered by an intruder in his home.  The police arrived and found Brooks= dead
body with one gun shot wound to the head. 
An anonymous tip led the police to Kesha Simien, who had knowledge about
the homicide.  Simien told the police
that appellant, her ex-boyfriend, confessed to her that he shot Brooks while in
the course of a robbery.  

On October 30, 2002, the police
obtained a warrant for appellant=s arrest
and he was arrested the following day. 
After receiving his Miranda warnings, appellant waived his
rights, and gave an audio-taped confession to the police.  Following his confession, appellant offered
to take the police to various locations in search of evidence of the
murder.  However, the only evidence that
was recovered during this attempt was a coat hanger that appellant allegedly
had used to unlock the door to Brooks=s
home.  After this attempt to locate
evidence, appellant gave another confession. 
The second confession was video-taped. 

The next day, while in jail,
appellant complained of stomach pains and stated that he had ingested several
rocks of crack cocaine the day of his arrest.  He was then transferred to Ben Taub Hospital,
where he received medical treatment.  A
urine sample provided by appellant showed traces of marijuana, cocaine, and
phencyledine, also known as PCP, in his system. 
Although the testing showed the presence of these substances in
appellant=s system, there is no evidence as
to the individual amounts of each substance that appellant might have
ingested.  None of the four police
officers that had contact with appellant on the day of his arrest saw appellant
ingest anything.  According to the
officers=
testimony, appellant did not appear to be intoxicated or under the influence of
any drugs. 

Appellant was charged by
indictment with capital murder. 
Appellant pleaded guilty to a reduced charge of aggravated robbery and
received a life sentence.








Challenging his conviction on
appeal, appellant asserts that: (1) the trial court erred in denying his motion
to suppress his confessions as being involuntary and given while he was under
the influence of drugs, and (2) the warrant used for his arrest was invalid
based on lack of probable cause. 

II.  Standard of Review

We review the trial court=s ruling
on a motion to suppress under an abuse‑of‑ discretion
standard.  Long v. State, 823
S.W.2d 259, 277 (Tex. Crim. App. 1991). 
A trial court=s ruling
on a motion to suppress, if supported by the record, will not be overturned. Brooks
v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial court is the sole finder of fact and is free to
believe or disbelieve any or all of the evidence presented.  Id. 


An appellate court should show
almost total deference to a trial court=s
determination of the historical facts that depend on credibility and demeanor,
but review de novo the trial court=s
application of the law to the facts if resolution of those ultimate questions
does not turn on the evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  In its findings
of fact, the trial court found that appellant intelligently, knowingly, and
voluntarily waived his rights and that appellant=s
confessions were voluntary.  Because this
finding was based on an evaluation of credibility and demeanor of the
witnesses, we apply the deferential standard to this finding.  See Guzman, 955 S.W.2d at 89.  However, as to the overall determination as
to whether the confessions were involuntary, we review the trial court=s
decision de novo.  See id.

III.  Analysis

A.
       Did the trial court abuse its
discretion in denying appellant=s motion to suppress his
confessions? 

 








In his first issue, appellant
contends that the trial court erred in denying his motion to suppress both the
audio-taped and video-taped statements he gave to the police on the day of his
arrest.  More specifically, he contends
that his confessions were involuntary because he was under the influence of
drugs at the time he gave the statements. 
For the reasons explained below, we find no merit in appellant=s
arguments. 

At a hearing on appellant=s motion
to suppress evidence, the trial court is the sole judge of the weight and
credibility of the evidence.  Wood v.
State, 18 S.W.3d 642, 646 (Tex. Crim. App. 2000).  The determination of whether a confession is voluntary
is based on an examination of the totality of circumstances surrounding its
acquisition.  Griffin v. State,
765 S.W.2d 422, 429 (Tex. Crim. App. 1989). 
Even if appellant were intoxicated when he was arrested and
interrogated, that fact alone is not sufficient to render his confession
involuntary.  See Garcia v. State,
919 S.W.2d 370, 387 (Tex. Crim. App. 1994) (op. on reh=g)
(citing Nichols, 754 S.W.2d at 190). 
AThe central
question is the extent to which appellant was deprived of his faculties due to
the intoxication.@  Nichols v. State, 754 S.W.2d 185,
190 (Tex. Crim. App. 1988).  If appellant=s
intoxication rendered him incapable of making an independent, informed choice
of free will, then his confession was given involuntarily.  See id.

After a hearing on the motion to
suppress, the trial court filed findings of fact and conclusions of law.  On the issue of whether appellant=s
confessions were voluntary, the trial 
court found, in pertinent part, as follows: (1) appellant was given his
warnings before his audio-taped and video-taped confessions; (2) appellant
intelligently, knowingly, and voluntarily waived his rights before both
confessions; (3) appellant was not threatened, coerced, or promised anything in
return for his confessions; (4) the officers who testified as to appellant=s
confessions were credible witnesses; (5) appellant was legally arrested; and
(6) appellant=s two confessions were given
voluntarily.  As stated above, we give
almost total deference to the trial court=s
determination of historical facts.  See
Garcia v. State, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000).  








The evidence presented at the
motion-to-suppress hearing supports the trial court=s finding
that appellant was not so intoxicated as to render his confessions
involuntary.  Appellant rests his
argument on the testimony of Dr. Katherine McQueen, an Assistant Professor of
Internal Medicine at Baylor College of Medicine.  At the suppression hearing, Dr. McQueen
testified that PCP can remain in an individual=s urine
for at least three days after ingestion, maybe even longer. She further
testified that the effects of this substance could make a person respond
appropriately to police interrogation, but perhaps not understand the results
of waiving his Miranda rights. 
However, Dr. McQueen admitted that she did not have any evidence to
prove that appellant would have been, or was, intoxicated at the time he gave
his statements to the police, nor could Dr. McQueen state whether or how the
presence of this substance affected appellant. 
It is possible that even though the PCP was detected in appellant=s urine,
the actual effects of the drug had worn off well before he gave his
confessions. 

Several police officers observed
and interacted with appellant on the day of and the day following his
arrest.  Four of these officersCRuben
Arias, Wayne Wendel, Phillip Jackson, and Kevin Patrick CarrCtestified
at the suppression hearing.  Each of
these officers testified that he never saw appellant ingest anything and that
appellant did not appear to be intoxicated or under the influence of any drug
at the times in question.  More
specifically, Officer Arias, who, as an experienced police officer has had many
opportunities  to observe people who were
intoxicated or under the influence of drugs, stated that appellant appeared Avery
normal to him and did not exhibit anything that led him to believe appellant
was intoxicated or under the influence.@  Officer Arias further stated that appellant
clearly knew and understood what was going on during his arrest and
interrogation.  Officer Wendel testified
that appellant never appeared to be under the influence of any drug, nor did
appellant ever complain about being in pain. 
Officer Jackson testified that during the entire time he was with
appellant, there was no indication that appellant was intoxicated or under the
influence of drugs.  Officer Carr
testified that, during his career as a police officer he has encountered
several intoxicated individuals, and appellant did not display any of the common
signs of intoxication.  








Moreover, appellant fully
cooperated with the police not only in offering his audio-taped confession, but
also in offering a video-taped confession after driving around with the police
for most of the day in an attempt to recover some of the physical evidence of
the crime.  The uncorroborated opinion
testimony of an arresting officer is sufficient to prove whether an individual
was intoxicated.  Annis v. State,
578 S.W.2d 406, 407 (Tex. Crim. App. 1979); Watkins v. State, 741 S.W.2d
546, 549 (Tex. App.CDallas
1987, pet. ref=d).  Any complaint that appellant might have in
regard to the officers= training
and experience in drug detection or intoxication relates to their credibility,
which was an issue for the trial court to decide.  See Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988).








In addition, we do not know the
specific amounts of the narcotics found in appellant=s system,
and we cannot conclude the trial court abused its discretion in declining to
find that appellant=s alleged
intoxication rendered his confessions involuntary.  See King v. State, 585 S.W.2d 720 (Tex.
Crim. App. 1979) (holding that heroin taken on the day of confessing did not
render confession involuntary); Saldana v. State, 59 S.W.3d 703 (Tex.
App.CAustin
2001, pet. ref=d) (holding trial court did not
abuse its discretion in admitting video-taped confession when blood test
revealed that appellant had ingested .3 milligrams of cocaine); Pace v.
State, 986 S.W.2d 740 (Tex. App.CEl Paso,
pet. ref=d)
(holding confession not involuntary even though defendant=s blood
alcohol content was at .16 at time of arrest).  See also United States v. Wilkins, 659
F.2d 769, 775 (7th Cir. 1981) (holding that evidence that defendant was under
influence of injected drugs at time of questioning was overridden by nurse=s
testimony that defendant appeared coherent); United States v. Sledge,
546 F.2d 1120 (4th Cir. 1977) (holding defendant=s claim
that he was Ahigh@ due to
an intravenous injection of heroin two and one‑half hours before
confessing rejected in view of police testimony that he was coherent); Atkins
v. State, 452 So.2d 529, 531B32 (Fla.
1984) (holding that confession was voluntary when given after approximately six
hours had passed between ingestion of Quaalude and beer and the giving of the
confession); Holcomb v. State, 326 S.E.2d 760, 762 (Ga. 1985) (holding
that where defendant was sufficiently warned but was suffering withdrawal
symptoms from amphetamines and cocaine, confession was voluntary); Boggs v.
Commonwealth, 331 S.E.2d 407, 415 (Va. 1985) (holding confession voluntary
with evidence of alertness and comprehension where defendant consumed a
six-pack of beer, and a fifth of whiskey, smoked marijuana, and took two hits
of speed).

Although appellant contends that
the statements containing his confessions were not voluntary, the trial court,
as the finder of fact in a hearing on a motion to suppress, could choose to
believe or disbelieve any or all of the testimony of the witnesses.  Luckett v. State, 586 S.W.2d 524, 527
(Tex. Crim. App. 1979).  Accordingly, we
conclude that the trial court did not abuse its discretion in denying the
motion to suppress appellant=s
confessions.  We overrule appellant=s first
issue. 

B.        Was appellant=s arrest
warrant affidavit based on probable cause? 

In his second issue, appellant
alleges that Kesha Simien, the witness with the inculpating information about
the crime, was not credible.  Thus,
appellant argues, the arrest warrant affidavit lacked probable cause.  Appellant contends that, because Simien was
his ex-girlfriend, she was a biased witness and not a disinterested citizen.[1]  We disagree with appellant. 

An arrest warrant must contain
the name of the person to be arrested and the offense the arrestee committed,
and the warrant must be signed by a magistrate. 
See Tex. Code Crim. Proc.
Ann. art. 15.02 (Vernon 1977).  An
arrest warrant must provide the magistrate with Asufficient
information to support an independent judgment that probable cause exists for
the warrant.@ 
Jones v. State, 568 S.W.2d 847, 855 (Tex. Crim. App.
1978).  The arrest warrant need only
contain probable cause; it need not contain sufficient information that would
convince a jury of the defendant=s guilt
beyond a reasonable doubt.  Janecka v.
State, 739 S.W.2d 813, 823 (Tex. Crim. App. 1987).  








To determine whether the facts
alleged in a probable cause affidavit sufficiently support a search warrant, we
examine the totality of circumstances.  See Ramos v. State, 934 S.W.2d 358, 362B63 (Tex.
Cim. App. 1996).  The allegations are
sufficient if they would Ajustify a
conclusion that the object of the search is probably on the premises.@  Id. at 363. See also State v. Bridges,
977 S.W.2d 628, 630 (Tex. App.CHouston
[14th Dist.] 1998, no pet.); Lane v. State, 971 S.W.2d 748, 751 (Tex.
App.CDallas
1998, pet ref=d).  In determining the sufficiency of an
affidavit for an arrest warrant, we are limited to the Afour
corners of the affidavit.@  Jones v. State, 833 S.W.2d 118,
123 (Tex. Crim. App. 1992).  The
magistrate, however, is permitted to draw reasonable inferences from the facts
and circumstances alleged in the affidavit. 
Daniels v. State, 999 S.W.2d 52 (Tex. App.CHouston
[14 Dist.] 1999, no pet.). 








An informant=s basis
of knowledge and reliability are factors to be considered in assessing the
existence of probable cause.  See Illinois
v. Gates, 462 U.S. 213, 223, 103 S. Ct. 2317, 2329, 76 L. Ed. 2d 527
(1982).  However, the Texas Court of
Criminal Appeals does not view information that is freely given to police by
citizens who provide their names with the same suspicion reserved for
information from anonymous police informants who have an unproven record of
reliability.  See West v. State,
720 S.W.2d 511, 513 n.2 (Tex. Crim. App. 1986).  A probable cause affidavit that identifies a
named informant will support issuance of a warrant if the information provided
is sufficiently detailed to suggest direct knowledge on the informant=s part. Matamoros
v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (holding
sufficient an arrest warrant affidavit that named appellant=s younger
brother as an informant and that the brother gave the police a written
statement in which he said that appellant had confessed to the crime); Wilkerson
v. State, 726 S.W.2d 542, 545 (Tex. Crim. App. 1987) (holding sufficient an
arrest warrant affidavit with a named informant who gave detailed information);
Mejia v. State, 761 S.W.2d 35, 38 (Tex. App.CHouston
[14th Dist.] 1988, pet. ref=d)
(holding sufficient an affidavit that listed a named informant with personal
knowledge of the facts contained in the affidavit).  Evidence as to either the informant=s
specific veracity or her basis of knowledge is sufficient to show
credibility and reliability.  Eisenhauer
v. State, 678 S.W.2d 974, 952 (Tex. Crim. App. 1984) (emphasis added). 

In this case, the arrest warrant
affidavit contained detailed information given to the police by Simien.  An anonymous Crime Stoppers tip led the
police to Simien.  She informed the
police that she used to work with both appellant and Brooks.  Simien stated that she found out about Brooks=s death
through another friend.  Shortly thereafter,
appellant contacted Simien and asked to meet with her because he had something
to tell her. Simien stated that appellant then confessed to her that he had
killed Brooks during a botched robbery. 








Appellant contends that the probable
cause affidavit supporting his arrest warrant is unlawful because it fails to
detail any information about Simien=s
credibility.  Such information, however,
is not necessary because Simien was a named informant who had personal
knowledge of a crime in which she had no involvement.  We recognize that credibility, reliability,
and basis of knowledge no longer need to be established by separate and
independent facts; however, they remain highly relevant factors in determining,
by the totality of the circumstances, whether probable cause exists.  Eisenhauer v. State, 754S.W.2d 159,
164 (Tex. Crim. App. 1988).  Viewed in
their totality, the facts and circumstances submitted to the magistrate, as
contained within the four corners of the affidavit, provided the magistrate
with a substantial basis for finding probable cause to issue an arrest warrant
for appellant.  See Draper v. United
States, 358 U.S. 307, 309, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959) (finding
probable cause where informant gave detailed physical description of the
defendant, the clothing he was wearing, the bag he was carrying, and his habit
of walking fast); Whaley v. State, 686 S.W.2d 950, 951 (Tex. Crim. App.
1985) (holding probable cause existed where informant described defendant
wearing a white shirt with colored trim and blue jeans, and the bag he was
carrying); Curry v. State, 965 S.W.2d 32, 34 (Tex. App.CHouston
[1st Dist.] 1998, no pet.) (finding probable cause where a detailed description
of the defendant and his first name were provided); Vasquez v. State,
699 S.W.2d 294, 295 (Tex. App.CHouston
[14th Dist.] 1985, no pet.) (finding probable cause established by detailed and
comprehensive nature of informant=s
tip).  But, even if the arrest warrant
were invalid based on a lack of probable cause, appellant still would not
prevail because there was sufficient attenuation of any taint of any alleged
illegal arrest in that there is no connection between the alleged illegal
arrest and appellant=s two
confessions.  See Hankins v. State,
132 S.W.3d 380, 389 (Tex. Crim. App. 2004). 
Appellant was given his Miranda warnings at least four times
before each of his confessions.  See
id. at 390 (holding that in assessing whether taint in the evidence is
sufficiently attenuated, courts consider whether appropriate warnings were
given).  Moreover, appellant made it
clear from the beginning that he wanted to cooperate with the police and help
them find evidence to assist them in their investigation.  Appellant knowingly and voluntarily waived
his rights before giving the confessions. 
There is no evidence that the police officers acted in any way to coerce
appellant to aid them in their investigation of the crime.  Appellant=s
confessions did not have anything to do with any error allegedly contained in
the arrest warrant affidavit.  See
Gibbs v. State, 819 S.W.2d at 821, 830 (Tex. Crim. App. 1991).  We find no reversible error.  Accordingly, we overrule appellant=s second
issue. 

Having overruled appellant=s
appellate issues, we affirm the trial court=s
judgment. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed December 1, 2005.

Panel consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Appellant also
suggests that Simien was somehow involved in the robbery, but there is no
evidence of any such involvement.