NUMBER 13-06-094-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROBERT WAYNE VALENTA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Robert Wayne Valenta, was charged with murder for the shooting
death of his brother. See Tex. Penal Code Ann. § 19.02(b) (Vernon 2003). A jury
found appellant guilty and assessed punishment at twenty years' confinement in the
Texas Department of Criminal Justice-Institutional Division and a $10,000 fine.
Appellant raises two issues on appeal: (1) whether the trial court erred by failing to
make and file findings of fact and conclusions of law, and (2) whether the trial court
erred in denying appellant's motion to suppress his written confession. We affirm.

I. Background


 Following his arrest, appellant was interrogated by Officer Joe Gaiton on June
9, 2005. At the end of the interrogation, appellant gave an oral statement. Officer
Gaiton interrogated appellant again on June 10th, during which time appellant provided
a written statement. Prior to trial, appellant moved to suppress both his oral and
written statements. Following the hearing on his motion to suppress, the trial court
granted the suppression of the oral statement and denied the suppression of the written
statement. A jury found appellant guilty of the offense of murder and assessed
punishment. This appeal ensued.

II. Findings of Fact and Conclusions of Law


 By his first issue, appellant contends the trial court erred by failing to make and
file findings of fact and conclusions of law after denying appellant's motion to suppress
his written confession. See Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005)
(providing that "where a question is raised as to the voluntariness of a statement of an
accused, the court must make an independent finding . . . as to whether the statement
was made under voluntary conditions"). Contrary to this contention, however, the trial
court's findings of fact and conclusions of law are contained in the clerk's record. The
trial court's filing of its findings of fact and conclusions of law pursuant to article 38.22
has rendered this issue moot. See id.; see, e.g., King v. State, 585 S.W.2d 720, 722
(Tex. Crim. App. 1979). Therefore, we overrule appellant's first issue.

III. Motion to Suppress Appellant's Written Confession


 By his second issue, appellant contends the trial court erred by denying his
motion to suppress his written confession. 

A. Standard of Review


 We apply a bifurcated standard of review to a trial court's denial of a motion to
suppress, giving almost total deference to the trial court's determination of historical
facts and reviewing de novo the trial court's application of the law. Maxwell v. State,
73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (en banc). In addition, we must afford
almost total deference to a trial court's rulings on mixed questions of law and fact if
the resolution of those questions turns on an evaluation of the credibility and demeanor
of a witness. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc).
We review de novo mixed questions of law and fact that do not turn on the credibility
and demeanor of a witness. Id. (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997)).

B. Applicable Law

 The Fifth Amendment to the United States Constitution guarantees that "No
person . . . shall be compelled in any criminal case to be a witness against himself." 
U.S. Const. amend. V. In Miranda, the United States Supreme Court explained the
meaning behind the assertion of the right to remain silent afforded by the Fifth
Amendment. See generally Miranda v. Arizona, 384 U.S. 436 (1966). The Court held
that when the right is invoked, the procedure is clear: "If the individual indicates in any
manner, at any time prior to or during questioning, that he wishes to remain silent, the
interrogation must cease. . . . [A]ny statement taken after the person invokes his
privilege cannot be other than the product of compulsion, subtle or otherwise." Id. at
473-74.

 "Following the Miranda language to its logical conclusion, however, would
produce the absurd result that no confession or inculpatory statement would ever be
admissible-even if the accused changed his mind and wanted to speak with police after
invoking the right to remain silent." Maestas v. State, 987 S.W.2d 59, 61 (Tex. Crim.
App. 1999). Thus, the United States Supreme Court later explained that no language
in the Miranda opinion "can be sensibly read to create a per se proscription of indefinite
duration upon any further questioning by any police officer on any subject, once the
person in custody has indicated a right to remain silent." Michigan v. Mosley, 423 U.S.
96, 102-03 (1975). Rather, "the admissibility of statements obtained after the person
in custody has decided to remain silent depends under Miranda on whether his 'right
to cut off questioning' was 'scrupulously honored.'" Maestas, 987 S.W.2d at 61
(noting Mosley's creation of "an ad hoc test in which 'courts must evaluate the facts
of each case to determine if the resumption of police interrogation was consistent with
scrupulous observance of the right to cut off questioning'").

C. Analysis

 Appellant states in his brief that the "trial court determined that Appellant did
indeed invoke his right against self incrimination" on June 9th before giving his oral
statement. Based on this premise, appellant asserts the trial court erred in denying the
suppression of his written confession because (1) Officer Gaiton failed to scrupulously
honor appellant's invocation of the right to remain silent on June 9th, which resulted
in his involuntary oral confession, and (2) appellant's involuntary oral confession tainted
his written confession on June 10th--the written confession being only an expansion
of his oral confession. We disagree.

 The trial court concluded, in its filed findings of fact and conclusions of law, that
"[appellant] did not invoke his right to remain silent and agreed to speak to the officer"
on June 9th. Appellant does not challenge this conclusion of law on appeal. See, e.g.,
Hester v. State, 535 S.W.2d 354, 355 (Tex. Crim. App. 1976) (providing that, on
appeal, challenges to the trial court's ruling generally should be directed to whether the
trial court abused its discretion in one of its findings of fact or to whether the trial court
properly applied the law to those facts found by it). Thus, appellant's basic premise
regarding his second issue is not supported by the record, and, therefore, fails. 
Because appellant's basic premise--that he invoked his right to remain silent on June
9th--fails, we cannot conclude that his purported involuntary oral confession on June
9th tainted his written confession on June 10th. (1) Accordingly, we cannot conclude
that the trial court erred in denying appellant's motion to suppress his written statement
on this basis. We overrule appellant's second issue.


IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.
1. We note that appellant does not challenge the voluntariness of his written confession on any
other basis.